## Wytheville.

### SMITH-GORDON COMPANY, INC., v. W. E. SNELLINGS.

#### June 16, 1921.

1. APPEAL AND ERROR—*Conflicting Evidence—Findings of Court—Section 6363, Code of 1919.*—When a case is submitted to the trial judge without the intervention of a jury, questions arising out of conflicts in the testimony or out of inferences to be properly drawn therefrom are settled by the judgment of the trial court, and the appellate court is controlled by section 6363, Code of 1919, which provides that when a case is thus submitted, the judgment of the trial court shall not be set aside unless it appears from the evidence that it is plainly wrong, or without evidence to support it.

2. BROKERS—*Commissions—Several Brokers.*—Where more than one broker is authorized by the owner to make a sale, the broker who is the procuring cause thereof is alone entitled to the commissions.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. Edward Cole,* for the plaintiff in error.

*W. P. McBain,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The controlling facts in this case (omitting many immaterial incidents) may be thus stated:

W. E. Snellings was the owner of a drug store which he desired to sell. About ten days previous to his first interview with the agents of the Smith-Gordon Company, Inc., one Barrett had called to see him about buying the stock of goods, but left without doing so. On February 16, 1920, having been previously asked by L. M. Wooten, who afterwards became the purchaser, two agents of Smith-Gordon Company, Inc., the plaintiff in error, approached Snellings, to whom they had been thus directed by Wooten, who desired to buy. Snellings, in response thereto, stated that he would sell the stock and fixtures for $15,000 net to him, that he would not pay any commissions on the sale, but that if they could secure a purchaser at that price they could have all over that amount which they could secure from the buyer. These agents, who wished to make ten per cent commissions on the sale, offered the property to Wooten at $17,-000, so as to include their own compensation. After two interviews with Wooten, who authorized them to offer $12,000 for the property, they told him that Snellings was standing on his price of $17,000. Wooten positively refused to pay that amount, and the broker's agents left with the remark that they might be able to secure some other place that would suit him. On February 18, Barrett, who had previously spoken to Snellings about buying the business, again approached him, and Snellings made him the same offer that he had previously made to the plaintiff in error —that is, that he would take $15,000 net for the property, and would pay no commissions. Barrett, who in the meantime had learned from one Bell that Wooten was interested, went to see him, secured an offer of $15,000 for the property, brought Snellings the purchaser's check for $250, and asked Snellings to allow him $250 for making the sale, and deduct that amount from the purchase price. This Snellings refused to do, repeating that the price was $15,000 net to him. On the next day, February 19, Barrett returned to

Wooten and succeeded in getting from him an offer of $15,500, together with a check for $500 on account thereof, which he brought to Snellings with contract signed by Wooten as purchaser, and the sale was promptly made upon the basis of this contract, yielding $15,000 to Snellings and $500 to Barrett.

The plaintiff in error then instituted its action of assumpsit, claiming $1,500 commissions. The case was submitted to the trial judge without the intervention of a jury, who gave judgment for the defendant, Snellings, and of this the plaintiff in error is here complaining.

In substance, the plaintiff in error relies upon established doctrines of law, to the effect that it is entitled to the commission, claiming that Snellings had given it an exclusive agency for the sale of the property, and that it was the efficient cause of the sale. This case, then, presents a question of fact.

The right to recover commissions was denied to a broker, although he first introduced to the owner, as a prospective purchaser, the party who afterwards bought the property through another broker, upon the ground that the first broker was not the procuring cause of the sale, in the recent case of *Rosenfield* v. *Wall*, 94 Conn. 418, 109 Atl. 409, and in a note to this case, 9 A. L. R. 1194, many other pertinent cases are cited. *Realty Co. of Va.* v. *Barcum*, 129 Va. 106 S. E. 375, is another pertinent case.

[1] The argument of the attorney for the plaintiff in error in this court, while forceful and worthy of most careful consideration, if addressed to the jury or to the trial court, cannot be effective here because based upon certain conflicts in the testimony and upon inferences adverse to the defendant, drawn from statements which he considers evasive, and from which he concludes that there was a fraudulent conspiracy to deprive his client of commissions justly due. All such questions arising out of conflicts in the testimony,

or out of inferences to be properly drawn therefrom, are settled by the judgment of the trial court, and here we are constrained and controlled by the statute, Code 1919, sec. 6363, which provides that when a case is thus submitted, the judgment of the trial court shall not be set aside unless it appears from the evidence that it is plainly wrong, or without evidence to support it.  Upon the assumption that the defendant and his witnesses were telling the truth, the plaintiff had no exclusive agency and was not the procuring cause of the sale.

[2] The case is controlled by the rule approved in *Cannon* v. *Bates,* 115 Va. 717, 80 S. E. 581, to the effect that where more than one broker is authorized by the owner to make a sale, the broker who is the procuring cause thereof is alone entitled to the commissions.

*Affirmed.*