# Wytheville.

## Eastern Shore of Virginia Produce Exchange
## (Vinal W. Drummond, Judgment Debtor)
### v.
## Levin T. Belote.

June 12, 1924.

Absent, West, J.

1. APPEAL AND ERROR—*Conflicting Evidence—Findings of Court.*—Where a case is tried by a court, without a jury, and the evidence is conflicting, the judgment of the trial court is given the same weight as the verdict of a jury. When all matters of law and fact are submitted to the trial court, his judgment will be affirmed (although there may exist a doubt as to its correctness), unless it appears that it is plainly wrong or without evidence to support it.

2. ATTACHMENT AND GARNISHMENT—*Defense of Garnishee that Debtor is Indebted to Him—Breach of Contract with Garnishee by Debtor.*—In a proceeding by garnishment by a judgment creditor, the garnishee answered denying any indebtedness to the judgment debtor and alleging that on the contrary the debtor was indebted to the garnishee in a large sum, arising out of a breach of contract by the debtor. The judgment creditor demurred to this answer and the trial court overruled the demurrer, and having heard the evidence found that the garnishee had a certain sum in his hands belonging to the judgment debtor, and that there was a liability on the garnishee in favor of the judgment creditor. There was a sharp conflict in the evidence, upon the main question as to whether or not the judgment debtor had breached his contract with the garnishee, which the court resolved in favor of the judgment debtor.

   *Held:* That as it did not appear from the evidence that the judgment was plainly wrong, or without evidence to support it, it would be affirmed.

Error to a judgment of the Circuit Court of Accomac county, in a proceeding by garnishment. Judgment for plaintiff. The garnishee assigns error.

*Affirmed.*

The opinion states the case.

*Benj. T. Gunter*, for the plaintiff in error.

*J. Brooks Mapp*, for the defendant in error.

Campbell, J., delivered the opinion of the court.

This is a proceeding by garnishment instituted by Levin T. Belote, judgment creditor of one Vinal W. Drummond, to recover of the Eastern Shore of Virginia Produce Exchange, garnishee, upon an alleged indebtedness to said Drummond in the principal sum of $1,125.00.

For convenience, plaintiff in error will be referred to as exchange, defendant in error Belote, and Drummond, the judgment debtor, as Drummond.

The following facts are disclosed by the record:

Exchange entered into three certain instruments in writing, agreeing to enter into contracts in its own name, but on behalf of Drummond, to sell five carloads of Irish potatoes. The first paper was dated February 18, 1920, and covered the sale of 200 barrels of potatoes, same to be delivered July 1, 1920, at $5.50 per barrel. The second paper was also dated February 18, 1920, and covered the sale of two carloads of Irish potatoes containing 200 barrels, and the third paper was dated April 20, 1920.

The conditions of the first paper were duly performed by Drummond in every respect, except that the carload of potatoes was delivered on July 8, 1920, instead of July 1st, as provided, this modification being consented to by Exchange.

The proceeds received by Exchange for said carload of potatoes, after deducting its commissions, amounted to $1,125.00, and it is this sum Belote seeks to subject.

Some time after the delivery of potatoes by Drummond on July 8 1920 (probably between the 16th and 18th of July), the exchange mailed to one J. W. Stockley, its acting agent, at Keller, Virginia, a check covering settlement for numbers of its patrons, which included the $1,125.00. Stockley did not deliver the $1,125.00, acting under later instructions from Exchange, but held the same until December 9, 1920.

During the period from July 8, 1920, to December 9, 1920, the matter of settlement between Exchange and Drummond remained in abeyance.

On December 9, 1920, Drummond confessed judgment on a note in favor of Belote, for the principal sum of $3,450.00. This judgment was duly docketed and execution issued thereon.

On the 10th day of December, 1920, Belote filed in the clerk's office of Accomac county a suggestion, alleging a liability on the Exchange; whereupon a summons was issued by the clerk of the court and served on the Exchange by the sheriff on the 11th day of December, 1920, calling on it for an answer before said court on the 7th day of February, 1921.

On the 20th day of December, 1921, Exchange filed its answer denying any indebtedness to Drummond, but on the contrary alleging Drummond was indebted to it in a large sum.

In the answer filed, which is in narrative form, was embraced the cross-action against Drummond, wherein it is sought to hold Drummond for a breach of the written instruments, dated February 18, 1920, and April 20, 1920, respectively.

On the 22nd day of June, 1922, the case was called, and, as shown by the order entered, as hereinafter set forth, by consent, was submitted to the court for trial without the intervention of a jury.

The errors assigned are:

1st. In rejecting the plea of setoff.

2nd. In holding that the written instruments of February 18, 1920, and April 20, 1920, constituted separate and distinct contracts from the one of February 18, 1920, authorizing the exchange to sell one car of potatoes on July 1, 1920, from which sale arose the sum of $1,125.00.

3rd. In entering judgment against the exchange, as being contrary to the law and the evidence.

As far as the record shows, no objection was made to the form of the answer, nor was any motion made to strike out said answer, because not in conformity with either section 6144 or section 6145 of Code, 1919, if such be the case.

Under the view hereinafter expressed, we do not deem it essential to a decision of the case to pass upon the question as to whether or not the answer was in proper form, or whether or not the same comes within the provisions of sections 6144, 6145, setting up pleas of recoupment or setoff.

Counsel for Belote filed three grounds of demurrer to the answer of Exchange, all of which were overruled by the court.

As to the holding of the trial court on the written instruments, or what disposition the court made of the pleas, the record itself is silent. The record in this court does disclose that the following proceedings were had in the lower court:

"At a circuit court held for the county of Accomac, at the court house thereof, by adjournment, on Thursday, the 22nd day of June, A. D. 1922.

"Levin T. Belote

v.

"Eastern Shore of Virginia Produce Exchange, Garnishee,

(V. W. Drummond, Judgment Debtor.)

"This day came the parties in person and by their attorneys, whereupon the plaintiff asked leave to file a demurrer to the answer of the defendant garnishee filed in this cause on the 20th day of December, 1921, which leave was granted and the same is filed accordingly.

"Whereupon, the court overruled the said demurrer, to which ruling the plaintiff excepted. And, thereupon, this cause was submitted to the court, by consent of all parties, for trial without the intervention of a jury. And, thereupon, the court having heard the evidence and arguments of counsel, it appears to the court that the defendant garnishee had in its hands at the time of the delivery to the sheriff of the execution herein, and the service of the garnishee summons herein, the amount of eleven hundred and twenty-five dollars ($1,125.00) belonging to the judgment debtor, V. W. Drummond, and that there is a liability on said garnishee in favor of the said plaintiff, Levin T. Belote, against said defendant garnishee, The Eastern Shore of Virginia Produce Exchange, for said amount of eleven hundred and twenty-five dollars ($1,125.00), and it is ordered that after payment of same to said plaintiff, he, the said plaintiff, do, after deducting from said amount the costs of this proceeding, credit the balance thereof upon the judgment docket in *pro tanto* satisfaction of said judgment.

"*To the entering of the above judgment the said garnishee excepted.*" (Italics supplied.)

The certificates of exception are two in number:

Number one relates to the evidence introduced on the trial of the case, while number two has reference to the entering of the judgment against exchange, and makes no mention whatever of the action of the court upon the written instruments or pleas.

It is conceded that the trial was somewhat informal, and that the court "took under consideration the *whole matter*." This concession is perhaps explanatory of why the court consumed sufficient time to hear the testimony of eight witnesses, as to the alleged breach of contract upon the part of Drummond.

Be this as it may, the record clearly shows the court heard the case upon the merits.

There was a sharp conflict in the evidence, upon the main question as to whether or not Drummond had breached his contract with Exchange. The court resolved the question in favor of Drummond. This action of the trial judge, who saw the witnesses, heard them testify, was in a position to judge of their temper, feeling, bias, or interest in the result, we are asked to reverse.

[1] "Where a case is tried by a court, without a jury, and the evidence is conflicting, the judgment of the trial court is given the same weight as the verdict of a jury." *Stock and Sons* v. *Owen and Barker*, 129 Va. 256, 105 S. E. 587.

"When all matters of law and fact are submitted to the trial court, his judgment will be affirmed (although there may exist a doubt as to its correctness), unless it appears that it is plainly wrong or without evidence to support it." *Standard Accident Ins. Co.* v. *Walker*, 127 Va. 140, 102 S. E. 585.

In conclusion, it may be said in this case as was said by Prentis, J., in the case of *Smith-Gordon Co., Inc.,* v. *Snellings*, 130 Va. 528, 107 S. E. 651: "The argument of the attorney for the plaintiff in error in this case, while forceful and worthy of most careful consideration, if addressed to the jury or the trial court, cannot be effective here, because based upon certain conflicts in the testimony * * . . All such questions arising

out of conflicts in the testimony, or out of inferences to be drawn therefrom, are settled by the judgment of the trial court, and here we are constrained and controlled by the statute, Code 1919, section 6363, which provides that when a case is thus submitted, the judgment of the trial court shall not be set aside unless it appears from the evidence that it is plainly wrong, or without evidence to support it."

[2] In our view of this case, it does not appear from the evidence that the judgment is plainly wrong, or without evidence to support it, and the same will be affirmed.

*Affirmed.*